UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

PECOS DIVISION

| | | |
|---|---|---|
| RUDY DE LEON | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Cause No. P:21-CV-00086 |
| | § | |
| CORY JOSEPH TRAHAN, | § | |
| NEW PRIME, INC. d/b/a PRIME, INC., | § | |
| MITCHELL ARAM RAMIREZ, and | § | |
| EXIMARC INCORPORATED, | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS' FIRST AMENDED ANSWER

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

**COME NOW** CORY JOSEPH TRAHAN and NEW PRIME, INC. d/b/a PRIME, INC., Defendants in the above-entitled and captioned cause, and pursuant to the Court's Order, submit their First Amended Answer to Plaintiff's Original Petition and respectfully show the Court as follows:

1. With regard to the averments in paragraph I, these apply to State Court discovery control plans that are not relevant to the instant action and as such are not required to be admitted or denied.

2. With regard to the averments in paragraph II, Defendants lack knowledge or information sufficient to form a belief as to the actual county of residence of Plaintiff or Defendant Mitchell Aram Ramirez, or the state of incorporation of Defendant Eximarc Incorporated. Defendants admit the last three numbers of Plaintiff's driver's license, according to the police report. Defendants further admit that Defendant Cory Joseph Trahan ("Trahan") is not a resident of the state of Texas

1

and that Defendant New Prime, Inc. ("New Prime") is a foreign corporation authorized to do business in the state of Texas. Defendants further admit that venue is proper in this Honorable Court. All remaining averments, if any, are denied.

3. With the regard to the averments in paragraph III, Defendants admit that Defendant Trahan was involved in an accident that occurred on or about February 14, 2021 on Interstate 20 westbound in Ward County, Texas. Defendants further admit that Defendant Mitchell Aram Ramirez failed to stop and crashed into Plaintiff. Defendants further admit that Defendant Trahan was driving a tractor trailer in the course and scope of his employment with Defendant New Prime. Defendants lack knowledge or information sufficient to form a belief about whether Defendant Mitchell Aram Ramirez was in the course and scope of his employment with Defendant Eximarc Incorporated at the time. All remaining averments, if any, are denied.

4. The averments in paragraph IV, and all subparts are denied.

5. With regard to the averments in paragraph V, Defendants admit that Defendant New Prime would be the "statutory employer" of Defendant Trahan at the time of the occurrence in question, and that generally Defendant New Prime would be vicariously liable for Defendant Trahan's ordinary negligence, if any. All remaining averments, if any, are denied.

6. The averments in paragraph VI, and all subparts, are denied.

7. With regard to the averments in paragraph VII, Defendants admit that Defendant Mitchell Aram Ramirez's failure to exercise ordinary care was a proximate cause of the occurrence in question, and all of Plaintiff's alleged damages and injuries, if any. As to all remaining averments and subparts, Defendants lack knowledge and information sufficient to form a belief as to their truth.

0016945/00102/DVER/1679102

8. With regard to the averments in paragraph VIII, Defendants are without sufficient knowledge and information to form a belief as to their truth.

9. With regard to the averments in paragraph IX, Defendants are without sufficient knowledge and information to form a belief as to their truth.

10. With regard to the averments in paragraph X, Defendants admit that Plaintiff is seeking the amount specified, but deny that Plaintiff is entitled to recover that amount. All remaining averments, if any, are denied.

11. The averments in paragraph XI are denied.

12. With regard to the averments in paragraph XII, Defendants admit that generally Plaintiff may recover pre and post judgment interest, as allowed by law, if he prevails on his claims. All remaining averments, if any, are denied.

13. With regard to the averments in paragraph XIII, Defendants are without sufficient knowledge and information to form a belief as to whether Plaintiff has properly perfected his right to jury trial at this time.

14. With regard to the averments in paragraph XIV, they pertain to state Court procedural matters that are not relevant to the instant action and therefore are not required to be admitted or denied.

15. The averments in paragraph XV and the prayer of Plaintiff's petition are denied.

16. Defendants would show that Plaintiff's own contributory negligence and/or negligence *per se*, was the proximate cause, sole proximate cause or a new and independent cause of the occurrence in question and all of Plaintiff's alleged damages and injuries, if any.

17. Defendants would show that the negligence and/or negligence *per se* of Co-Defendant Mitchell Aram Ramirez and/or Eximarc Incorporated, was the proximate cause, sole proximate

cause or a new and independent cause of the occurrence in question and all of Plaintiff's alleged damages and injuries, if any.

18. Alternatively, Defendants would show that the occurrence in question was an unavoidable accident, as that term is defined and understood by law.

19. Alternatively, Defendants would show that the occurrence in question was the result of an Act of God, as that term is defined and understood by law.

20. Defendants would show that Defendant Trahan was confronted with an emergency, as that term is defined and understood by law.

21. With regard to any allegations of negligence *per se*, Defendants would show that their alleged acts and omissions, if any, were excused, as that terms is defined and understood by law.

22. Defendants would show that all or part of Plaintiff's claims are barred by Tex. Civ. Prac. & Rem. Code Ann. §41.0105 since Plaintiff may only recover medical expenses actually paid or incurred.

23. Defendants would show that all or part of Plaintiff's alleged claims are barred by Tex. Civ. Prac. & Rem. Code Ann. § 18.091, since any evidence of wages or economic damages must be presented in an after-tax format.

24. Defendants would show that Plaintiff has failed to mitigate his alleged damages and injuries, if any, as that term is defined and understood by law.

25. With regard to any allegation of punitive or exemplary damages, Defendants invoke all caps and limitations set forth in Tex. Civ. Prac. & Rem. Code Ann. § 41.008 *et. seq.* Defendants would further show that the imposition of exemplary or punitive damages against Defendants would violate Defendants' rights under the Fifth, Eighth and Fourteenth Amendments to the United States Constitution, and other similar provisions of the Texas State Constitution.

0016945/00102/DVER/1679102

Defendants further object to the assessment of any pre-judgment interest on any award of exemplary damages, or to being responsible for any exemplary damages not awarded against these specific Defendants pursuant to Tex. Civ. Prac. & Rem. Code Ann. §§ 41.006-007. Defendant New Prime denies that it may be held vicariously liable for the alleged gross negligence of Defendant Trahan since he was not a vice principal or manager, nor was his conduct ratified, as those terms are defined and understood by law.

26. Defendants would show that Plaintiff's claims of independent negligence/negligent entrustment against Defendant New Prime are moot, as that term is defined and understood by law.

27. Defendants would show that all or part of Plaintiff's alleged damages and injuries are the result of pre-existing, subsequent and unrelated injuries, illnesses and conditions that were not proximately caused by any act or omission by Defendants.

28. Defendants request trial by jury and reserve the right to amend.

**WHEREFORE, PREMISES CONSIDERED**, Defendants pray that upon final hearing that they be discharged and allowed to go hence without day and with their costs and that the Court grant Defendants such other and further relief, general or special, legal or equitable, to which Defendants may be justly entitled.

Respectfully submitted,

**MOUNCE, GREEN, MYERS
SAFI, PAXSON & GALATZAN, P.C.**
P.O. Drawer 1977
El Paso, Texas 79999-1977
Phone: (915) 532-2000
Fax:   (915) 541-1597
E-Mail: vereen@mgmsg.com
E-Mail: mundell@mgmsg.com

By: _____
**Darryl S. Vereen**
State Bar No. 00785148
**Cal Mundell**
State Bar No. 24109059

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I, **Darryl S. Vereen**, hereby certify that on the ___28___ day of March, 2022, I served a copy of the foregoing with the Clerk of the Court using the CM/ECF system which will automatically send e-mail notice of such filing to the following attorney(s) of record: James D. Tawney, Esq., jtawney@ftalawfirm.com, Daisy Chaparro, Esq., dchaparro@ftalawfirm.com, 906 N. Mesa, 2nd Floor, El Paso, Texas 79902, Will R. Moye, Esq., amccluggage@thompsoncoe.com, Joseph E. Dumas, Esq., jdumas@thompsoncoe.com, One Riverway, Suite 1400, Houston, Texas 77056.

_____
**Darryl S. Vereen**