IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| RUDY DE LEON, | § | |
|    *Plaintiff*, | § | |
| | § | |
| v. | § | No. 4:21-CV-00086-DC |
| | § | |
| CORY JOSEPH TRAHAN, *et al.*, | § | |
|    *Defendants*. | § | |

## ORDER

On this day, the Court considered the above-captioned case. On November 29, 2022, the Court ordered Plaintiff Rudy De Leon ("Plaintiff") to name and serve Defendant John Doe within 90 days. The Court warned that failure to do by February 27, 2023, so could result in the dismissal of the John Doe for failure to prosecute.[1] To date, Plaintiff has neither served nor named John Doe.

This Court may dismiss a case sua sponte for want of prosecution.[2] Dismissal under these circumstances must be without prejudice unless "the failure to comply with the court order was the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action."[3]

In this instance, Plaintiff has failed to comply with the Court's Order. Plaintiff's live Amended Complaint has been pending for over three months. Because service on John Doe is crucial to the progression of this case, Plaintiff's failure to serve or even name him, or else

---

[1] (Text Order of Nov. 29, 2022).
[2] Fed. R. Civ. P. 41(b); *see also Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998).
[3] *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996); *see also Rogers v. Kroger Co.*, 669 F.2d 317, 320 (5th Cir. 1982) (affirming that dismissals with prejudice are "reserved for the most egregious of cases").

explain why service has not been accomplished in light of the Court's Order, warrants dismissal.[4] There is no indication that Plaintiff's failure was due to purposeful delay or contumaciousness.

For the reasons stated above, it is **ORDERED** that Plaintiff's claims against John Doe are **DISMISSED** without prejudice for want of prosecution.[5]

It is so **ORDERED**.

SIGNED this 13th day of March, 2023.

_____
DAVID COUNTS
UNITED STATES DISTRICT JUDGE

---

[4] *See Pro Lens Projects, LLC v. NASC, Inc.*, No. MO:21-CV-00090-DC, 2021 WL 6622422, at *1 (W.D. Tex. Nov. 19, 2021).
[5] (Doc. 36).