UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | |
|---|---|
| RUDY DE LEON, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| vs. § | Case No.: 4:21-CV-00086 |
| § | |
| CORY JOSEPH TRAHAN, § | |
| NEW PRIME, INC. d/b/a PRIME, INC., § | |
| § | |
| *Defendants*. § | |

# REPLY TO DEFENDANT'S RESPONSE TO EXPEDITED MOTION TO COMPEL OR IN THE ALTERNATIVE FOR SPOLIATION INFERENCE

**TO THE HONORABLE JUDGE OF THIS COURT:**

**COMES NOW**, Plaintiff Rudy De Leon, and hereby files this *Reply to Defendants' Response to Plaintiff's Expedited Motion to Compel or in the Alternative for Spoliation Inference*, Doc. No. 192 (filed Aug. 9, 2024). In support thereof, Plaintiff states as follows:

1. This Court's Order of July 8, 2024 was very clear: as discussed during the telephonic conference held that same day, the parties were ordered to exchange "**full and complete Omnitracs data relevant to the incident at issue in this case**" (emphasis supplied). *See Order*, Doc. No. 184 (filed July 8, 2024), p.3.

2. This data was requested by Plaintiff in discovery over two years ago, and has never been produced by defendants.

3. Contrary to what is asserted in defendants' response, defendants were under a duty to maintain the Omnitracs data: their own records show defendants' awareness in February of 2021 that Plaintiff was a "claimant" based upon the collision, and that defendant Trahan's truck was

1 | P a g e

subject to a "legal hold"[1] following the collision because defendant Trahan "rear ended someone" (Plaintiff DeLeon). *See Prime Inc. Accident Report*, attached hereto as **Exhibit C**;[2] *Prime Inc. Repair Order History*, attached hereto as **Exhibit D**; *Deposition of Dennis Davis*, attached hereto as **Exhibit E**, at 143:25 to 144:20.

4.      Defendant New Prime's corporate representative admitted that New Prime's normal operating or normal practice would be to preserve the electronic data if there was "any anticipation of litigation based on personal injury, bodily injury of a claimant." *See* **Exhibit E**, at 49:12-22.

5.      Indeed, as noted in its own Response, defendant Prime presented a claim against the insurance carrier for A-Garcia Produce (Plaintiff's employer) on July 6, 2021. *See* Doc. No. 192, p.2. That claim was not resolved until November 1, 2021.

6.      Thus, defendants were aware of the potential for litigation as early as February of 2021, six months before Plaintiff actually filed suit in this matter, or at the very latest in July of

---

[1] Bizarrely, defendants have designated New Prime Director of Technology Rodney Rader as a "retained" expert, and purport that he will opine on, *inter alia*, "what documents go into a Prime 'Legal Hold.'" *See Defendants' First Amended Designation of Expert Witnesses*, Doc. No. 191 (filed Aug. 9, 2024), pp.1-2. Mr. Rader's unsworn and unverified affidavit (Doc. No. 192-6) does not address—or even *mention*—the "legal hold" referenced in defendant Prime's contemporaneous documents. Defendants' amended expert designation also states that Mr. Rader "has testified in the past regarding the types of documents produced in this case," *see* Doc. No. 191, p.2, and in his affidavit, Rader identifies himself as "the person who testifies as New Prime's corporate representative on" these kinds of documents. *See* Doc. No. 192-6, pp.2-3. Plaintiffs filed and served a notice of intent to take a FED. R. CIV. P. 30(b)(6) deposition of defendant New Prime's corporate representative(s) on the topics of, *inter alia*, New Prime's document retention policy, New Prime's investigation into the incident underlying this case, and New Prime's "telematics, navigational equipment, computer software, and other tracking and communication equipment installed on the commercial motor vehicle operated by Cory Joseph Trahan at the time of this incident." *See* Doc. No. 69 (filed Feb. 9, 2024), pp.3-4. Curiously, defendants did not produce Rodney Rader for any of these topics, and have not previously disclosed him as a potential witness in this matter. *See generally Defendant's Eighth Supplemental Rule 26(A)(1) Disclosures*, Doc. No. 133-1 (filed June 6, 2024).
[2] Exhibits A and B were attached to Plaintiff's July 26, 2024 Motion to Compel. *See generally* Doc. No. 186, at pp.12-19.

3 | P a g e

2021, still within the six-month window that defendants were required to retain electronic logging data under, *inter alia*, 49 C.F.R. §§ 395.8(k)(1) ("[a] motor carrier shall retain records of duty status and supporting documents required under this part for each of its drivers for a period of not less than 6 months from the date of receipt"), 395.22(i)(1) ("[a] motor carrier must retain for 6 months a back-up copy of the ELD records on a device separate from that on which the original data are stored"), and 395.30(f) ("[a] motor carrier must not alter or erase, or permit or require alteration or erasure of, the original information collected concerning the driver's hours of service, *the source data streams used to provide that information*, or information contained in any ELD that uses the original information and HOS source data") (emphasis supplied).

7.   Notably, defendants' focus on Section 395.8(k) is misplaced, as that regulation only governs the driver's record of duty status. Plaintiff's request for Omnitracs telematics data is much more encompassing than merely seeking defendant Trahan's driver logs. Omnitracs Fleet Management solutions can provide: GPS tracking, electronic logs/time tracking, trip management data, performance reporting, and "Driver Scorecards" (including speed, miles per gallon, idle time, and safety). *See* Doc. No., 186, p.18; *see also Omnitracs Fleet Safety Management website*, available at: https://www.omnitracs.com/fleet-safety (last accessed Aug. 9, 2024). Omnitracs can monitor, *inter alia*, drivers' hard braking, *see* https://www.omnitracs.com/resources/bring-hard-braking-halt-infographic (last accessed Aug. 9, 2024).

8.   Plaintiff does not merely seek the driver logs for defendant Trahan (and indeed, contrary to what defendants have suggested, Plaintiff is not relying solely on 49 C.F.R. § 395.7)— Plaintiff seeks the full range of Omnitracs telematics data that would have been available from defendant Trahan's vehicle. Thus, Plaintiff also seeks production of defendants' contract with Omnitracs to confirm what data would have been available in 2021.

3 | P a g e

*Rudy De Leon v. Cory Joseph Trahan, et al.*
REPLY TO DEFENDANTS' RESPONSE TO MOTION TO COMPEL OR FOR SPOLIATION INFERENCE

9. Regardless, while defendants did have a regulatory obligation to maintain the driver logs/ELD under the regulations cited above, *see Commodity Carriers, Inc. v. Fed. Motor Carrier Safety Admin.*, 434 F.3d 604, 605 (D.C. Cir. 2006), that is not dispositive of whether there has been a violation of FED. R. CIV. P. 37(e) (regarding failure to preserve electronically stored information). The duty to preserve this data was triggered when defendants knew that litigation was imminent. *See*, *e.g.*, *Guzman v. Jones*, 804 F.3d 707, 713 (5th Cir. 2015) ("[a] party's duty to preserve evidence comes into being when the party has notice that the evidence is relevant to the litigation or should have known that the evidence may be relevant"); *Manson v. B&S Trucking of Jackson, LLC*, 2023 U.S. Dist. LEXIS 75558, *7 (W.D. Tex. May 1, 2023) (unpublished); *accord Lee v. Horton*, 2018 U.S. Dist. LEXIS 166688, *6 (W.D. Tenn. Sep. 4, 2018) (unpublished).

10. Strikingly, defendants' Response does not address whether or not they attempted to secure the Court-ordered Omnitracs data from Omnitracs itself (i.e. defendants do not address or detail their efforts to seek what should be in the possession, custody, and control of Omnitracs, with whom defendants had a contract). *Cf. John B. v. Goetz*, 2006 U.S. Dist. LEXIS 106993, *14 (M.D. Tenn. Nov. 21, 2006) (unpublished) ("Defendants shall produce for the Plaintiffs' discovery requests, any responsive information and documents that are the custody, possession or control of the Defendants' contractors"); *see also Dorato v. Smith*, 163 F.Supp.3d 837, 897-98 (D.N.M. 2015).

11. That said, it is apparent that defendants have some form of electronic source data: as noted in Plaintiff's Motion to Compel, defendants produced a Microsoft Excel spreadsheet (NEW PRIME 768 TRAHCJQC HOS," a screenshot of which is attached hereto as **Exhibit F**) that purported to contain electronic logging data/defendant Trahan's hours of service.

4 | P a g e
*Rudy De Leon v. Cory Joseph Trahan, et al.*
REPLY TO DEFENDANTS' RESPONSE TO MOTION TO COMPEL OR FOR SPOLIATION INFERENCE

12. As noted by Plaintiff's expert Jeff Martin, the Excel spreadsheet produced by defendant does not contain any source information, and per its metadata, the spreadsheet was created on September 20, 2022, *well after* the collision underlying this case, and was last modified by New Prime's Director of Technology, Rodney Rader. *See* Doc. No. 186, p.18.

13. The data that went into the September 20, 2022 Excel spreadsheet had to have come from *somewhere*: as noted above, FMCSR Section 395.30(f) requires that motor carriers retain the source data streams used to provide the original information collected during the driver's hours of service, or information contained in any ELD that uses the original information and hours of service source data.

14. Strikingly, Mr. Rader confirms, in his own affidavit, that the Excel from was "generated from the Omnitracs data that would be purged after six months," and that said data was "kept by New Prime for internal purposes." Doc. No. 192-6, p.3.

15. Thus, as recently as September of 2022 (well after the onset of litigation in this matter), defendants had access to Omnitracs data, per their own records and the affidavit of their own Director of Technology.

16. However, in their Response brief, Defendants have not accounted for the raw data/logs used to create the Excel spreadsheet, which was created over a year after the present lawsuit was filed; their suggestion that this data was erased six months after the February 14, 2021 collision thus makes no sense.

17. Curiously, the Excel tab in the lower left-hand corner of Exhibit F reads "TRAHCJQC HOS **SCRUB**" (emphasis supplied), suggesting that some data was or might have been scrubbed/removed from defendant Trahan's hours of service.

5 | P a g e
*Rudy De Leon v. Cory Joseph Trahan, et al.*
REPLY TO DEFENDANTS' RESPONSE TO MOTION TO COMPEL OR FOR SPOLIATION INFERENCE

18.     In sum, all of the Omnitracs data must be produced, along with defendants' contract with Omnitracs; defendants must also produce Rodney Rader for a deposition to account for his modification (and potential scrubbing) of the Excel spreadsheet, and the source of the data cited in the spreadsheet, *after* defendants produce the documents/data.[3]

19.     In the alternative, if defendants maintain that this information does not exist and cannot be restored or replaced, Plaintiff's request for an adverse inference seeks a discovery sanction for defendants' spoliation of evidence. *See*, *e.g.*, *Peals v. QuikTrip Corp.*, 2021 U.S. Dist. LEXIS 96585, *8-9 (E.D. Texas May 21, 2021) (unpublished) (stating that an adverse spoliation instruction is a discovery sanction imposed by the Court); *accord Eagan v. Walgreen Co.*, 2022 U.S. App. LEXIS 5962, *8 (5th Cir. Mar. 8, 2022) (unpublished) ("[t]he decision to issue sanctions for spoliation during discovery is reviewed for abuse of discretion").

20.     "Under the spoliation doctrine, a jury may draw an adverse inference that a party who intentionally destroys important evidence in bad faith did so because the contents of those documents were unfavorable to that party." *Whitt v. Stephens Cnty.*, 529 F.3d 278, 284 (5th Cir. 2008) (quotation marks and citation omitted); *see also* FED. R. CIV. P. 37(e)(2) (governing alleged spoliation of electronically-stored information and requiring a "finding that the party acted with the intent to deprive another party of the information's use in the litigation" before a court can sanction the spoliating party by "instruct[ing] the jury that it may or must presume the information was unfavorable to the party").

---

[3] As noted above, defendants have designated Rodney Radar as a "retained expert," even though he is an employee of defendant Prime, was clearly involved in the creation or modification of the Excel spreadsheet described above, and was not previously disclosed as a potential witness. Mr. Rader is clearly not a "retained" expert and should be precluded from opining as an expert witness at all, especially as to the technical aspects of Omnitracs.

21. "Bad faith, in the context of spoliation, generally means destruction for the purpose of hiding adverse evidence." *Guzman*, *supra*, 804 F.3d at 713.

22. In *Van Winkle v. Rogers*, 82 F.4th 370 (5th Cir. 2023), the Fifth Circuit agreed with the Seventh Circuit that, in the context of spoliation, bad faith is a question of fact. *Van Winkle*, 82 F.4th at 378 (quoting *Bracey v. Grondin*, 712 F.3d 1012, 1019 (7th Cir. 2013)). "If a genuine dispute of material fact exists as to bad faith, a jury should make that determination." *Van Winkle*, 82 F.4th at 378.

23. Notably, defendant New Prime was *also* a defendant in *Van Winkle*, and the case centered around New Prime's destruction (and potential spoliation) of tire scraps relevant to the Plaintiff's claims in that case. *See Van Winkle*, 82 F.4th at 373. The Fifth Circuit found that there was sufficient circumstantial evidence to create a genuine dispute of material fact as to whether defendants destroyed the tire in bad faith, such that "Plaintiff should be permitted a jury instruction that if jurors find bad faith, they may infer that the destroyed evidence would have been adverse to Prime's defense." *Id.* at 379.

24. Similarly, in the present case, there is sufficient circumstantial evidence to create a dispute as to whether defendants either deleted the relevant electronic data or otherwise allowed it to be deleted while knowing that litigation was pending. At a minimum, Plaintiff should be permitted a jury instruction that if jurors find bad faith, they may infer that the deleted electronic evidence would have been adverse to defendants' defenses in this case.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that this Court grant Plaintiff's July 26, 2024 *Expedited Motion to Compel or in the Alternative for Spoliation Inference*, and:

7 | P a g e

*Rudy De Leon v. Cory Joseph Trahan, et al.*
REPLY TO DEFENDANTS' RESPONSE TO MOTION TO COMPEL OR FOR SPOLIATION INFERENCE

8 | P a g e

a) compel defendants to produce all of the previously-ordered Omnitracs data, defendant New Prime's service contract with Omnitracs in effect as of February 14, 2021, and to produce Rodney Raner for a deposition after producing these documents/data;

b) order an adverse inference to be drawn against defendant or, at a minimum, include a jury instruction that if jurors find bad faith, they may infer that the destroyed evidence would have been adverse to Prime's defense; and/or

c) set an immediate telephonic hearing to address this matter.

Plaintiff prays for all further relief, at law or in equity, to which he may be justly entitled.

Respectfully submitted,

**TAWNEY | ACOSTA | CHAPARRO P.C.**
*Truck Crash & Injury Attorneys*

/s/ *James D. Tawney*
**JAMES D. TAWNEY**
TX State Bar No. 24060970
**DAISY CHAPARRO**
TX State Bar No.: 24088824
**MARK D. STANDRIDGE**
TX State Bar No.: 24082312
7016 Orizaba Ave.
El Paso, Texas 79912
Phone: (915) 308-1000
Fax: (915) 300-0283
JTawney@TACInjuryLaw.com
DChaparro@TACInjuryLaw.com
MStandridge@TACInjuryLaw.com
*Attorneys for Plaintiff*

&

/s/    Maxey Scherr
**MAXEY SCHERR**
SCHERR LAW FIRM
TX State Bar No. 24067860
521 Texas Ave
El Paso, Texas

8 | P a g e

*Rudy De Leon v. Cory Joseph Trahan, et al.*
REPLY TO DEFENDANTS' RESPONSE TO MOTION TO COMPEL OR FOR SPOLIATION INFERENCE

9 | P a g e

Phone: (915) 881-4111
Fax: (915) 881-4119
mscherr@scherrlawfirm.com
*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of August 2024, I delivered this document to the following individuals in compliance with the Federal Rules of Civil Procedure:

*Dick R. Holland*
*James W. Essman*
Shafer, Davis, O'Leary & Stoker
1408 W. Wall
Midland, Texas 797801
Phone: (432) 695-6178
Fax: (432) 333-5002
dholland@shaferfirm.com
jessman@shaferfirm.com
*Attorneys for Defendants Cory Joseph Trahan and New Prime Inc.*

/s/ James D. Tawney
**JAMES D. TAWNEY**

9 | P a g e

*Rudy De Leon v. Cory Joseph Trahan, et al.*
REPLY TO DEFENDANTS' RESPONSE TO MOTION TO COMPEL OR FOR SPOLIATION INFERENCE



```
                         PRIME  INC.
                        Accident Report

Accident No   : 0183603 A   Reported To   : QCMAC      Order No: 7287494

Accident Date:  2/14/21 *  Reported Date:  2/14/21     Cause Cd: 48

Accident Time: 1030 *      Reported Time: 11:02:02     Prev: NP
* Central Standard Time

Reported By   :                                        SUBRO:   Y

Location  : ACCIDENT I20 WB   Monahans, TX 79756

Describe  : PR STATES THAT IV WAS SLOWING FOR AN ACCIDENT AHEAD AND CV1
            TRIED TO AVOID ACCIDENT AND STRUCK IV TRL.CV2 STRUCK CV1 AND
            THEN ROLLED

Insured Vehicle

Tractor No : 711288
Yr/Make/Mod: 2021 PTRBL 1XPBDP9XXMD707772
Towed      : N
Repair Est : 000000

Owner Name : CORY TRAHAN
Owner Addr : 408 SW 6TH ST     BLUE SPRINGS, MO 64014

Driver Name: TRAHAN CORY J              Drv 2 Name: VIALPANDO LORENZO R
Driver Code: TRAHCJ                     Drv 2 Code: VIALOR
Drivers Age: 38
Years Exp  : 00
Fleet Mgr  : WRAYS
Driver Addr: 408 SW 6TH ST     BLUE SPRINGS, MO 64014
Phone No   : 816 446-7519
License No : MO T161309015

Trailer No : 181158
Yr/Make/Mod: 2018 UTLTY 1UYVS253XJ6418709
Towed      : Y
Repair Est : 000000

Tractor Damage
P/S MIRROR, TIRE, BUMPER, DEER GUARD, P/S HEADLIGH
T. PANELS ON SIDE.

Trailer Damage
TORN OPENED, FLOOR DROPPED, LANDING GEAR DOWN TO T
HE GROUND  P/S
```

Claimant Damage

```
Driver Name: RUDY DELEON                Owner Name: A-GARCIA PRODUCE
Address    : CV1   ** RESPONSIBLE       Address   : 16 FOREST PKWY
Cty/St/Zip : DOT# 1039218,              Cty/St/Zip: FOREST PARK, GA
Phone No.  :                            Phone No. :

Property   : TRK 2019 KENN              Insur Co. : PC CLAIMS
Damage     :                            Policy No : CL#597716
                                        Contact   : MARK STRAHAN
Repair Est :                            Phone No. : 817-358-7287
Towed      : N

Driver Name: MITCHELL RAMIREE           Owner Name: EXIMARC INC
Address    : CV2                        Address   : 11960 WALNUT ST
Cty/St/Zip : ,                          Cty/St/Zip: BLOOMINGTON, CA
Phone No.  :                            Phone No. :

Property   : 2009 VOLVO TRK             Insur Co. : CRUMB & FOSTER
Damage     :                            Policy No : 5068990071
                                        Contact   :
Repair Est :                            Phone No. : 909-245-0910
Towed      :

Driver Name:                            Owner Name: TX DOT
Address    :                            Address   :
Cty/St/Zip : ,                          Cty/St/Zip: ,
Phone No.  :                            Phone No. :

Property   : GUARDRAIL                  Insur Co. :
Damage     :                            Policy No :
                                        Contact   :
Repair Est :                            Phone No. :
Towed      :
```

Police Information

```
Department : TEXAS HIGHWAY PATROL
Address    :
City/State : WARD COUNTY, TX
Phone No   :

Officers Nm: DAYES
Report No  : TX6047HQE11J
Driver Cit : N
Citationed :    HTTPS://CRIS.TXDOT.GOV
                WARD CO
```

**** E N D ****

NEWPRIME-009


EXHIBIT D

```
Report 140A            Repair Order History by Unit/System           Page:           1
TMT140A                           Prime, Inc.                        Date:    8/09/22
Unit: 711288            Down Date:  2/14/20 -  2/14/21               Time: 13:56:59
                        Include Costs: Y    Include Comments: Y
                        System: *AL-        Status: *All




Unit:         711288        2021 PETE 579
Child Unit    EW0090        2021 TRIPAC EVOLUTION
Domicile           1        Vehicle Master: Domicle Field
Customer      TRAHCJ        CORY TRAHAN
Status        0001          Available
Fleet         2361          2021 Peterbilt 579
Cost Center   000100        Reefer Division
Activity      0002          Lease Tractor
Equip Type    TRACTOR       Tractor
Year / Make   2021 PTRBL    PETERBILT MOTORS COMPANY
Model         579           License Number  13KS8A
Util Base     0001          Miles
Prim Fuel     0002          DIESEL FUEL
Current Mtr    174,517      Current Mtr Date   8/09/22
Vin#          1XPBDP9XXMD707772
Engine Srl#   XXXXXXXX

OEM Warranty Information:
Date In Serv  2/03/21   Meter in Serv        1
Coverage      Yes       Life (Mths)    48   (Util)    600,000

Loaner ?      No
Phy Shop Loc  9000       Prime: Road Assist

Location
Parking Area
```

```
Report 140A              Repair Order History by Unit/System              Page:      2
TMT140A                             Prime, Inc.                           Date:  8/09/22
Unit: 711288            Down Date:  2/14/20 -  2/14/21                    Time: 13:56:59
-----------------------------------------------------------------------
    RO#    Sts    Shop Down Date/Time    Meter   Customer     Vendor
 7509193   CM     9000 02/14/21 11:09     7197   TRAHCJ       ALLIANCE TOWING WEST
        EW0090/181158/481158/7287494 01 TRAHCJ 816-446-7519 WRAYS
        ACCIDENT REPORTED #0183603
        multi car acci, police on way. waiting for more info.
        monahans, tx
        Alert:    wrays
        - per dispatch trailer ripped open.....
        ~ Alliance towing to their drop lot 601 S loop 464,
          Monahans, Tx
        ~ $2639.94 total
        ~ emailed sales/dispatch update where units were going
        ~ advised driver to get with safety. he rear ended someone
          so assuming its on legal hold. driver knows to keep keys
          out.
        ~ truck invoice in towhal folder,
        ~ invoice wrong per tow co, not for sure why it was sent,  p
        roduct still on the trailer.
        pics to chisj and haneb to see if they wanted to dispose of
        product, will be a few days before they can dispose of it pe
        r tow co due to weather and bad roads.
        ~ eamiled shop for invocie again
        ~ called to settle up on bill and TJ i sout until 8:00 am ne
        ed to call back after then.
        ~ driver in sprimo towing back
  1 998030 TOW/RECOVERY      |Accident     |ACCIDENT-REPO|     9245.90   L
 7457827   CM     1060 01/25/21 16:37      463   TRAHCJ
  1 998014 Install Driver Equ|Install Equip|Open Truck   |      633.25 P L
        truck reposition
        remove frame step
        inst new 18" box
 7454696   CM     1015 01/24/21 10:20      436   NPI
  1 151000 AUXILIARY POWER UN|Install      |INSTALL-NEW T|      525.41 P L
        SER# mr2520A1077
        FACTORY INSTALLED INVERT.
        EW0096
        HTG1259943
        GF0474
        306929PA
  2 017001 TIRE - PNEUMATIC  |Inbound Lane |BREAKDOWN    |      339.56- P L
        SWAPPED DUELS M713 FOR WB MICH XONE
  3 018003 WHEELS            |Damaged/Broke|INSPECTION-ED|     1055.56- P
 7452501   CM     1010 01/23/21 08:52        1   NPI
  1 000010 Annual DOT Inspect|PERFORM PM   |* PREVENTIVE |       20.00   L
        ANNUAL PAPERWORK ON NEW TRUCK PREP
        PERFORMED ANNUAL ON PREP
  2 998200 PREP NEW VEHICLE  |PREP FOR CUST|INSTALL-NEW T|     2180.67 P L
        PREP 1= Install TPMS, QC, RIGHT WEIGH
        ivg sn 108670464
        PROGRAMMED ALARM IN ESA
        INSTALLED ITERIS, TPMS, RIGHT WEIGH, ALL GOOD
        INSTALLED IVG, RECEIVED TEST MSG
```

```
Report 140A                Repair Order History by Unit/System                  Page:         3
TMT140A                               Prime, Inc.                               Date:  8/09/22
Unit: 711288              Down Date:  2/14/20 -  2/14/21                        Time: 13:56:59
-------------------------------------------------------------------------------
   RO#  Sts    Shop Down Date/Time    Meter   Customer    Vendor
         INSTALLED AND TESTED PANIC, GOOD
 3 998200 PREP NEW VEHICLE   |PREP FOR CUST|INSTALL-NEW T|     692.80  P L
         PREP 2= INSTALL BUMPER GUARD, REMOVE LICENSE PLATE LIGHT,
         ADJUST MUDFLAPS
         REMOVED REAR LICENSE PLATE LIGHT
         INSTALLED MUDFLAPS
         INSTALLED EXGUARD
 4 998200 PREP NEW VEHICLE   |PREP FOR CUST|INSTALL-NEW T|     120.42  P L
         PREP 3= LUBE 5TH WHEEL, SET SPECS, INSTALL PERMIT PLATES
         INSTALLED PERMIT PLATES
         CHECKED SPECS 65/65. IDLE SHUTDOWN ENABLED, TEMPS 30/80
         INSTALLED FIRE EXT, ALREADY HAS TRIANGLES
         LUBED 5TH WHEEL
```

EXHIBIT E

Page 1

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

RUDY DE LEON,                )
                             )
    Plaintiff,               )
                             )
vs.                          ) CASE NO. 4:21-CV-00086
                             )
CORY JOSEPH TRAHAN, NEW      )
PRIME, INC. d/b/a, PRIME,    )
INC., LOGISTIC ONE, LTD      )
                             )
    Defendants.              )

30(b(6) ORAL VIDEOTAPED ZOOM DEPOSITION of NEW PRIME,

INC. D/B/A PRIME INC by Corporate Representative,

DENNIS DAVIS

February 21, 2024

ORAL VIDEOTAPED ZOOM DEPOSITION OF NEW PRIME, INC D/B/A PRIME INC. by its Corporate Representative, DENNIS DAVIS, produced as a witness at the instance of the Plaintiff and duly sworn, was taken in the above-styled and numbered cause on the 21st day of February, 2024, from 9:29 a.m. to 2:28 p.m., in Springfield, Missouri, via remote videoconference, before Debra K. Zebert, BS, RPR, CSR, reported by computerized stenotype machine, pursuant to the Federal Rules of Civil Procedure and the provisions stated on the record or attached hereto.

1  Q.  And are you aware when this lawsuit was filed?
2  **A.  I don't know the exact date.**
3  Q.  Are you aware it was filed on August 31st,
4  2021, which is about six months and two weeks after this
5  crash?
6  **A.  I am now.**
7  Q.  And at that time, would Prime have been able to
8  access the messages and records that we've been speaking
9  of?
10 **A.  No, sir.  If it was six months and a day, we**
11 **would not have access to that information.**
12 Q.  But you would agree with me that if -- if Prime
13 was aware of Mr. De Leon's potential personal injury
14 claim prior to the six months expiring, that, per
15 Prime's policies and procedures that you've discussed,
16 the logbooks and the communications should have been
17 preserved?
18 **A.  I would agree that our normal operating**
19 **procedure, our normal practice is any anticipation of**
20 **litigation based on personal injury, bodily injury of a**
21 **claimant, that we would go back and retain that**
22 **information.  That was not the situation in this**
23 **accident.**
24 Q.  Give me one second.  Sorry.  I'm just going
25 through my file real quick.  So today, for the ladies

Page 143

1  BY MR. TAWNEY:
2      Q.   What is -- what is the equipment that is
3  referenced in this Independent Contractor Operating
4  Agreement?
5      **A.**   **The equipment that is referenced is a 2018**
6  **Freightliner.**
7      Q.   And is this the same one that he was driving
8  the day of the crash?
9      **A.**   **Yes, sir.**
10    Q.   Thank you.  Let me show you what we're going to
11 mark as Exhibit 8.
12           (Exhibit 8 marked.)
13 BY MR. TAWNEY:
14    Q.   This is Bates stamp New Prime 293.  Starts on
15 292.  Have you seen this kind of document before?
16    **A.**   **This is a screenshot from our repair history.**
17 **Yes, I've seen this type of document before.**
18    Q.   I'm going to scroll to the second page.  Do you
19 see down there where it says, "Down date 2/14/20 -
20 2/14/21"?  Do you see that?
21    **A.**   **Yes.**
22    Q.   And then there's a shop down date here,
23 2/14/21.  Do you see that?
24    **A.**   **I do.**
25    ==Q.==   ==And again, this is on Bates stamp 293.==  ==All==

Page 144

1   right.  And I want to -- it says here, "Accident
2   reported.  Multiple car accident.  Police on way.
3   Waiting for more info.  Monahans, Texas."  Do you see
4   that?
5        A.   Yes.
6        Q.   Down here, can you tell me what it says?
7        A.   It says -- the highlighted portion says,
8   "Advised driver to get with safety.  He rear-ended
9   someone, so assuming it's on legal hold.  Driver knows
10  to keep the keys out."
11       Q.   Who would have -- what would have -- based on
12  this document, who would have put in the Prime computer
13  system that he was -- that he or she was assuming it's
14  on legal hold?
15       A.   One of our road assist associates would have
16  put that information in.
17       Q.   Would this have been done, based on this
18  document, at the time of the crash or around the time of
19  the crash?
20       A.   Yes.
21       Q.   So, but you would agree with me that there was
22  already some discussion about potential litigation in
23  the Prime records on the date of the crash?
24       A.   I would agree that there is a document sentence
25  from an associate that would not have been associated


